IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RALPH HARRISON BENNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:19-CV-248 (MTT) |
| ) | |
| GEORGIA DEP'T OF CORR., *et al.*, ) | |
| ) | |
| Defendants. ) | |

# ORDER

United States Magistrate Judge Charles H. Weigle recommends denying plaintiff Ralph Benning's motion to reinstate this action (Doc. 55).  Doc. 58.  Benning objects.  Doc. 59.  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo the portions of the Recommendation to which he objects.  Because Benning has alleged a violation of his federal rights under the Religious Land Use and Institutionalized Person Act ("RLUIPA"), reinstatement of this action appropriate.  Accordingly, the Recommendation (Doc. 58) is **REJECTED** and Benning's motion to reinstate (Doc. 55) is **GRANTED**.

## I. BACKGROUND

On June 20, 2019, Benning filed a complaint alleging the defendants were not providing him with kosher meals, which substantially burdened his religious beliefs and violated RLUIPA.  Docs. 1 at 11; 23 at 5.  Benning requested "that the defendants provide [him] with kosher food that meets the dietary requirements of [his] Jewish faith."  Docs. 1 at 12; 23 at 6.  On October 21, 2021, the parties jointly moved to dismiss Benning's claims after entering into a private settlement agreement ("PSA") pursuant to 18 U.S.C. § 3626(c)(2)(A).  Doc. 52.  The PSA provides that the Georgia Department of

Corrections would provide Benning with kosher meals, the kosher pre-packaged meals would be double sealed and that the meals would be "comparable in nutritional value and caloric intake to the current restricted alternative meal plan."  Doc. 52-1 ¶¶ 2, 5-6.  The Court granted the joint motion and dismissed the case with prejudice "subject to the Court's retention of jurisdiction, pursuant to 18 U.S.C. § 3626(c)(2), for the purpose of reinstatement upon Plaintiff's motion."  Doc. 53.

Benning now moves to reinstate this action, citing violations of two portions of the settlement agreement and his alleged attempts to address the violations with the defendants without success.  Doc. 55.  Specifically, Benning's motion contends that the defendants have failed to abide by "clauses 5 and 6 [of the PSA] concerning the sealing of the meals and the nutritional value and caloric intake of the diet" because the kosher meals offered by the defendants do not contain enough calories and are often not packaged correctly.  Docs. 55 at 2; 57 at 2-3.  As a result, Benning is uncertain whether the meals he is provided are prepared in a kosher manner.  Doc. 57 at 4.  While the defendants concede that the Court has jurisdiction to reinstate the action, they argue that the motion should be denied because Benning alleges a violation of the PSA, rather than a violation of RLUIPA.  Doc. 56 at 2.  Because Benning's motion focused on the defendant's failure to abide by the PSA and the Court does not have "authority to enforce the terms of a [PSA]," the Magistrate Judge recommends denying Benning's motion to reinstate this action.  Doc. 58.

Benning objects to the Magistrate Judge's conclusion that he has not alleged a violation of a federal right and that he is seeking judicial enforcement of the PSA.  Doc. 59.  First, Benning argues that he has alleged a violation of a federal right—that the

defendants have substantially burdened his religious beliefs by refusing to provide him with a kosher diet, which violates RLUIPA.  *Id*. at 1-4.  Because the GDC meals "are not packaged properly," Benning asserts that he cannot determine if the food he is served was prepared in a kosher manner.  *Id*. at 3-4 ("At some point in time the foods of the current diet were certified kosher, but, due to the foods not being properly doubled sealed when Plaintiff receives them the kosher certification is not valid; and, the food is not kosher.").  Second, Benning argues, or at least now argues, that he is not asking the Court to enforce the terms of the PSA, but rather requests that the Court reinstate the action under 18 U.S.C. § 3626(c)(2)(A).  *Id*. at 4-9; *see also* Doc. 53.

## II. DISCUSSION

The failure to provide nutritionally adequate, religiously compliant meals violates RLUIPA.  *See Robbins v. Robertson*, 782 F. App'x 794, 802-03 (11th Cir. 2019) (holding that an inmate's religious beliefs were substantially burdened when "he was forced to choose between abandoning his religious precepts (by eating religiously non-compliant food that was nutritionally adequate) or suffering serious health consequences (by eating nutritionally inadequate food that was religiously compliant)").

Benning's objection clarifies that he is not seeking to enforce the PSA except to the extent the PSA allows reinstatement.  He alleges that violations of the PSA have substantially burdened his religious beliefs in violation of RLUIPA and, thus, reinstatement of the action is proper.  Benning filed his initial lawsuit because he was provided "a diet that consisted soley [sic] of kosher certified ingredients," but "the manner in which those foods were prepared and provided to [him] invalidated any kosher certifications the foods had, at some point in time, had."  Doc. 59 at 3-4.  As a

result, Benning alleged the failure to serve kosher meals, substantially burdened his religious beliefs and violated RLUIPA.  Docs. 1; 23.  Benning's motion to reinstate, as clarified by his objection, is based on the same allegedly unlawful conduct.  Specifically, Benning states that "[a]t some point in time the foods of the current diet were certified kosher, but due to the foods not being properly double sealed when [Benning] receives them the kosher certification is not valid; and, the food is not kosher."  Doc. 59 at 4.  Thus, Benning is once again alleging that the defendants are not preparing his food in a kosher manner, which substantially burdens his religious beliefs and violates RLUIPA.  *Id*.  Based on Benning's clarifications, reinstatement of this action is appropriate.

### III. CONCLUSION

For the reasons stated, the Recommendation (Doc. 58) is **REJECTED** and Benning's motion to reinstate (Doc. 55) is **GRANTED**.  The Court further **ORDERS** that discovery shall be complete by **October 23, 2023,** and dispositive motions, including *Daubert* motions, are due by **November 22, 2023**.  No extensions, including clerk's extensions, will be granted.

**SO ORDERED**, this 5th day of September, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
