IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RALPH HARRISON BENNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:19-cv-248 (MTT) |
| ) | |
| GEORGIA DEPARTMENT OF ) | |
| CORRECTIONS, et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Plaintiff Ralph Harrison Benning moves for reconsideration of the Court's order denying his motion to appeal *in forma pauperis* ("IFP") (Doc. 128). Doc. 130. For the following reasons, Benning's motion for reconsideration is **DENIED**.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Benning argues that denying his motion to appeal IFP was clear error because he had proceeded IFP in the district court action and, thus, was not required to show a good faith basis before proceeding IFP on appeal.  Doc 130 at 1.  However, Rule 24(a)(3)(A) provides "(3) A party who was permitted to proceed [IFP] in the district-court action…may proceed [IFP] without further authorization, unless: (A) the district court…certifies that the appeal is not taken in good faith."  Thus, it was not clear error for the Court to deny Benning's motion to appeal IFP after determining that his appeal was not taken in good faith.

Benning next summarizes the issues he intends to bring on appeal and asks the Court to "relieve Benning from the order, allow Benning to submit the affidavit required by FRAP 24(a)(1) and consider the issues which Benning wishes to raise on appeal."  Doc. 130 at 2.  Benning's arguments do not change the Court's conclusion that his appeal is not taken in good faith.

Because Benning has failed to show that the Court made a clear error in its previous Order denying his motion to appeal in forma pauperis (Docs. 127; 128), his motion for reconsideration (Doc. 130) is **DENIED**.

**SO ORDERED**, this 18th day of April, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
